UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH ALFRED ELLIS

    Petitioner,

v.                                                CASE NO:  8:10-CV-1765-T-30AEP

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition (Dkt. #1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed on August 9, 2009. The Court has considered the petition, the Respondents' response (Dkt. #9) filed on November 30, 2010, and the Petitioner's reply (Dkt. #13) filed on January 3, 2011. Upon review, the Court determines that the petition must be denied because the claims of ineffective assistance of counsel are without merit.

## BACKGROUND

Petitioner, Joseph Alfred Ellis ("Ellis") was tried by a jury, found guilty of aggravated stalking, and sentenced to five years in prison. Ellis then filed a direct appeal, raising the issue that the trial court erred in denying defense counsel's request for a continuance before the jury had been sworn. The appellate court affirmed Ellis's judgment and sentence in a *per curiam* unwritten opinion. *Ellis v. State*, 5 So.3d 677 (Fla. 2d DCA 2009).

Ellis then filed a *pro se* motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. Ellis brought five allegations of ineffective assistance of counsel, claiming trial counsel was ineffective for failing to: (1) call Deputy Dan Cash as a witness at trial; (2) preserve the Motion for Continuance for appellate review; (3) prepare the Defendant to testify; (4) make a plea offer to the State during trial; and (5) object to the Court imposing the maximum sentence. The postconviction court denied all claims. Ellis filed a motion for rehearing, and the postconviction court denied that as well.

Ellis appealed the rulings, and in his brief, complained that the postconviction court erred in summarily denying his claim without an evidentiary hearing or attaching portions of the record. The Second District Court of Appeal of Florida affirmed the lower court's denial of the motion for postconviction relief on a silent *per curiam* opinion. *Ellis v. State*, 41 So.3d 222 (Fla. 2d DCA 2010).

On August 4, 2010, Ellis submitted the § 2254 petition to prison officials, asserting one ground for relief with five allegations of ineffective assistance of trial counsel.

**Standard of Review**

Ellis alleges a denial of his constitutional Sixth Amendment right to counsel. The standard to determine whether the right to effective assistance of counsel has been violated is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Counsel is presumed competent to assist a defendant; the burden is on the petitioner to demonstrate the denial of the effective assistance

of counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984). To vacate the conviction, the petitioner must show "by a preponderance of competent evidence," *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000), that (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) defendant was prejudiced by the deficient performance. *Strickland*, 466 U.S. at 687, 694.

To satisfy the prejudice prong under *Strickland*, the accused must establish that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing in one." *Id.* at 697.

**Ground One (a):   Trial counsel was ineffective in failing to investigate and call Deputy Dan Cash who would substantially impeach the victim's testimony in his case at bar.**

Ellis has not met his burden of establishing that counsel was constitutionally ineffective for failing to call Deputy Dan Cash as a witness at trial. Ellis asserts that trial counsel should have made further attempts to find Deputy Cash and failed to inform the court that to deny the request for a continuance would unduly prejudice the defense.

Ellis' counsel subpoenaed Deputy Cash for trial. Upon learning Cash would be unavailable for trial, the record shows that trial counsel did move for a continuance, arguing that Cash was the main witness for the defense. Trial counsel also not only told the court that she sent a subpoena to secure Deputy Cash's presence, but she even proffered to the court what Deputy Cash's testimony would have been had he been present. Trial counsel

explained that Deputy Cash had relevant information and knowledge of experiences between March 7 and March 20 that possibly could exculpate Ellis. After hearing this argument, the court still denied the motion.

In denying the motion for postconviction relief, the postconviction court reasoned that "as the defense had already been granted multiple continuances, it is unlikely that the Court would have been granted another." Additionally, trial counsel filed a *Motion for JOA or JNOV, or New Trial, and Memorandum of Law and Argument in Support of Motion* on December 17, 2007, arguing that her defense was prejudiced by the court denying her Motion for Continuance. This motion was also denied.

In sum, Ellis' counsel did everything a reasonable attorney could do to secure the testimony of Deputy Cash for trial. Thus, trial counsel's performance was not deficient because counsel did not make "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687.

Ellis also asserts several grounds of fraud. First, Ellis claims that trial counsel lied about actually serving Deputy Cash with a subpoena. However, in his Reply, Ellis admits that a bar complaint response revealed the fact that trial counsel found the proof of service of Deputy Cash's subpoena the day after trial. Ellis also claims that trial counsel committed fraud by not informing him or the court, until after the trial, that counsel became aware of the proof of service. Since counsel did not find the proof of service of the subpoena until after trial, and the court was unlikely to grant a continuance regardless of the fact, counsel's actions did not change the outcome of the proceedings. Ellis is unable to show that counsel's

actions constituted any type of fraud. This claim is without merit, and empty assertions are inadequate to support an ineffective assistance of counsel claim. *See David v. U.S.*, 134 F.3d 470, 478 (1st Cir. 1998).

**Ground One (b):     Counsel's failure to base her Motion for Continuance upon the *McKay* court requirements, thereby, preserving the issue for appellate review, was per se ineffective assistance of trial counsel.**

Ellis is factually wrong. This issue was preserved for appeal. Trial counsel did move for a continuance and argued to the court why Cash's testimony was important for the defense. Thus, trial counsel preserved the issue for appellate review by making this argument. Therefore, trial counsel's performance was not deficient because Ellis cannot establish that counsel's "performance fell below an objective standard of reasonableness . . . under prevailing professional norms." *Strickland*, 466 U.S. at 688.

Ellis also contends that trial counsel should have argued the requirements espoused in *McKay v. State*, 504 So.2d 1280, 1282 (Fla. 1st DCA 1986). *McKay* lists seven factors to consider when determining whether the denial of a motion for continuance was error due to lack of adequate time to prepare a defense. *McKay*, 504 So.2d at 1282. But since trial counsel merely needed a continuance to secure a witness and not additional time to prepare the case for trial, *McKay* does not apply and this claim is without merit.

In his Reply, Ellis also appears to claim that trial counsel prejudiced the outcome of his proceedings by requesting the court not to include the proof of service of the subpoena of Deputy Cash in the record on appeal. The attached portion of the record in Ellis' Reply does not support this statement. Regardless of whether this statement is accurate, Ellis still

fails to demonstrate how that was deficient performance of counsel. Thus, his claim does not meet the burden under *Strickland* and is without merit.

**Ground One (c):     Counsel's failure to properly prepare defendant to testify in his own behalf was deficient performance.**

Ellis has failed to establish that counsel was constitutionally ineffective for failing to prepare him to testify on his behalf at trial. Ellis claims that trial counsel should have known what the State's questions would be and should have deposed the State's witnesses out of the presence of the prosecutor. Ellis states that he thought Deputy Cash was going to testify and that his trial counsel would provide him a copy of the depositions on the day of trial. Ellis also claimed that Deputy Cash should have testified in his place because Deputy Cash was more "artful with words" and that he would be able to better address the jury.

Ellis has failed to demonstrate how he was specifically prejudiced by any of the claims above. It would have been impossible for trial counsel to know all of the State's questions. Moreover, trial counsel could not have deposed the State's witnesses independently because the State has a right to be present when the depositions are conducted. *Ferrigno v. Yoder*, 495 So.2d 886, 888 (Fla. 2d DCA 1986). According to the record, Ellis was able to capably answer all of the state's questions. As for the copy of the depositions, what other witnesses said should not have influenced Ellis' own testimony. Ellis was under oath and other testimonies should not have changed his testimony. Thus, Ellis failed to show that, but for the alleged deficiency, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 687.

In his Reply, Ellis also contends that trial counsel failed to inform him of the strengths and weaknesses of the State's case and how Deputy Cash's testimony would change the outcome of the proceedings. Ellis also asserts that trial counsel knew that Deputy Cash would be unavailable to testify and did not relay that information to him until the trial had commenced. Ellis is factually incorrect. The Motion for Continuance was made at the beginning of the trial. Moreover, trial counsel did proffer to the court what Deputy Cash's testimony would have been. Since Ellis fails to show how the outcome of the proceedings would have been different, his claim fails.

**Ground One (d):   Counsel failed to follow Ellis's request to make a plea offer to the State during trial.**

Even if trial counsel was deficient for failing to make a plea offer to the prosecutor, Ellis has not demonstrated how he was prejudiced and therefore does not meet the prejudice prong of *Strickland*. Ellis requested, in the middle of trial prior to his case being presented, that trial counsel approach the State and offer a plea bargain of one year in jail to avoid prison. At this point, the State had already presented its case and was aware that Ellis' main witness, Deputy Cash, was not available to testify. Thus, the State was already in a very strong position and Ellis has not shown that the State would have accepted the offer. Moreover, not only did the victim request that Ellis be sentenced to prison, the State mentioned that they were also seeking an extensive prison sentence.

Ellis again claims that trial counsel did not adequately prepare him to testify at trial and did not provide a copy of the State's discovery. But Ellis is unable to show that, "by a

preponderance of competent evidence" he was prejudiced by this alleged deficient performance of trial counsel. *Chandler*, 218 F.3d at 1313.

**Ground One (e):** **Counsel failed to object to the Court's imposition of the maximum sentence for a third degree felony, when her client had no prior felony convictions in his criminal history, and probation would be an appropriate sentence in this case.**

Ellis has failed to show that counsel was ineffective for failing to object to the Court's imposition of the maximum sentence. Ellis believed that he should have received one year in county jail followed by probation since he did not have a prior felony record. The record indicates that trial counsel made this argument to the Court and the Court rejected the argument. At this point, an actual objection would not have made a difference. Thus, trial counsel's performance cannot be deemed deficient.

## CONCLUSION

Ellis has not met his burden under *Strickland* to show that his trial counsel was constitutionally ineffective.

It is therefore ORDERED AND ADJUDGED that:

1. The Petition for Writ of Habeas Corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to

appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on June 22, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2010\10-cv-1765.deny 2254.wpd*